UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MCTAGUE,

                Plaintiff,

v.

CHASE BANK,

                Defendant.

23 Civ. 9202 (DEH)

**OPINION & ORDER**

DALE E. HO, United States District Judge:

Plaintiff filed this action against Chase Bank regarding Chase's servicing and credit reporting of Plaintiff's mortgage account.[1] Before the Court is Chase Bank's ("Defendant" or "Chase") motion to dismiss, or, in the alternative, for a more definite statement.[2] For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

Michael McTague ("Plaintiff" or "McTague") initiated this action in the Civil Court of the City of New York, County of Bronx on May 11, 2023,[3] seeking to hold Chase liable under the Fair Credit Reporting Act ("FCRA") regarding the credit reporting on Plaintiff's mortgage.[4] The parties had reached a settlement in principle,[5] but on September 19, 2023, Plaintiff and his wife emailed Chase and demanded that "Chase must inform all credit reporting agencies to remove the late payment and put IN WRITING in the [settlement] agreement that Chase Bank

---

[1] *See* Notice of Removal 1, ECF No. 1; Compl. 1, ECF No. 1-1.

[2] *See* ECF No. 7.

[3] *See* Notice of Removal 1.

[4] *Id.* at 4.

[5] *See id.* at 2.

will do this IMMEDIATELY for BOTH OF US."[6]  On October 19, 2023, this matter was removed from state court to federal court under 28 U.S.C. §§ 1331, 1446.[7]

On October 26, 2023, Defendant filed a motion to dismiss or in the alternative for a more definite statement.[8]  On five separate occasions, the Court set briefing deadlines for *pro se* Plaintiff to oppose, or otherwise respond to Defendant's pending motion.[9]  Most recently, the Court extended the deadline for Plaintiff to file an opposition to Defendant's motion to dismiss to May 3, 2024.[10]  The Court warned Plaintiff that "[i]f no opposition is filed by May 3, 2024, the Court will consider the motion to dismiss fully briefed."[11]  The Clerk of Court mailed the Court's Order to Plaintiff on April 8, 2024.[12]  To date, Plaintiff has not filed a response.  The Court deems Defendant's motion to be fully briefed.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13]  The Court accepts "all [non-conclusory] factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor."[14]  "In assessing the complaint, [a court] must construe it liberally, accepting all

---

[6] *See* ECF No. 1-5.

[7] *See* Notice of Removal 3-4; *see also* ECF No. 10.

[8] *See* ECF No. 7.

[9] *See* ECF Nos. 11, 12, 13, 14, 15.

[10] *See* ECF No. 15.

[11] *Id.*

[12] *See* April 8, 2024, Min. Entry.

[13] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[14] *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021).

factual allegations therein as true and drawing all reasonable inferences in the [plaintiff's] favor."[15]  However, the Court must disregard any "conclusory allegations, such as formulaic recitations of the elements of a cause of action."[16]

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.[17]  A complaint need not make "detailed factual allegations," but it must contain more than "a formulaic recitation of the elements of a cause of action."[18]  While all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."[19]

The Court is obliged to construe liberally *pro se* pleadings[20] and to interpret them to raise the "strongest [claims] that they *suggest*."[21]  Even so, the Court must dismiss a complaint that does not plead sufficient facts "to state a claim to relief that is plausible on its face."[22]  To state a claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully"[23] and cannot rely on mere "labels and conclusions" to support a claim.[24]  In other words, "the Court's duty to liberally construe a [*pro se*] plaintiff's complaint is not the equivalent

---

[15] *Sacerdote*, 9 F.4th at 106-07.

[16] *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[17] *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

[18] *Iqbal*, 556 U.S. at 678.

[19] *Id.*

[20] *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

[21] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[22] *Twombly*, 550 U.S. at 570.

[23] *Iqbal*, 556 U.S. at 678.

[24] *Twombly*, 550 U.S. at 555.

of a duty to re-write it."[25] If a *pro se* plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must dismiss his complaint.[26]

## DISCUSSION

### I. Motion to Dismiss

Chase has moved to dismiss, arguing that Plaintiff lacks Article III standing, and that Plaintiff has failed to state a claim under the FCRA.[27] For the reasons set forth below, the Court grants Defendant's motion to dismiss on standing grounds.

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting."[28] The FCRA "regulates the activities of consumer reporting agencies and the use and dissemination of consumer credit information."[29] As part of this regulatory scheme, the FCRA imposes several duties on those who furnish information to consumer reporting agencies.[30] Specifically, the FCRA provides that a "person shall not furnish information relating to a consumer to any consumer reporting agency if (1) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (2) the information is, in fact, inaccurate."[31]

As a threshold matter, a court must examine a litigant's standing under Article III.[32]

---

[25] *Thomas v. N.Y.C. Dep't of Educ.*, No. 15 Civ. 8934, 2016 WL 4544066, at *2 (S.D.N.Y. Aug. 31, 2016).

[26] *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

[27] *See* Def.'s Mem. in Support of Mot. to Dismiss ("Def.'s Mem.") 6, ECF No. 8.

[28] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

[29] *Paul v. Am. Express*, No. 22 Civ. 5728, 2023 WL 35335, at *2 (S.D.N.Y. Jan. 3, 2023).

[30] 15 U.S.C. § 1681s-2.

[31] *Id*. § 1681s-2(a)(1)(B).

[32] *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

"Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. This limitation is effectuated through the requirement of standing."[33] To establish standing under Article III, a plaintiff must prove: (1) he or she has suffered a "concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision."[34] Put simply, "no concrete harm, no standing."[35] When a party lacks standing, the court lacks subject-matter jurisdiction over such claim.[36]

In the context of FCRA claims, the Supreme Court has held that even where Congress created a private right of action to pursue a statutory violation in federal court, Article III standing nevertheless requires a concrete injury.[37] In the context of FCRA claims, courts have held that denials of credit and reputational damage are concrete injuries sufficient to confer Article III standing.[38] By contrast, inaccuracy on a credit report alone, absent evidence that it was disclosed to a third party, is insufficient to establish concrete harm.[39]

---

[33] *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009).

[34] *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[35] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).

[36] *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

[37] *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016).

[38] *See Tescher v. Experian Info. Sols., Inc.*, No. 21 Civ. 2266, 2022 WL 564048, at *5 (S.D.N.Y. Feb. 23, 2022) (holding alleged denials of credit based on inaccuracies in credit report sufficient to plead injury-in-fact); *TransUnion,* 594 U.S. at 432-33 (determining reputational harm caused by inaccuracies in credit report shared with third parties constitutes injury-in-fact).

[39] *See TransUnion*, 594 U.S. at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."); *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) (finding that a bank's delay in recording plaintiff's satisfaction of mortgage, which impacted the plaintiff's credit score and made "it difficult to obtain financing had they needed it in an emergency or for a new home," did *not* confer standing because the risk of harm never materialized).

Here, Chase argues McTague does not have standing to sue because "Plaintiff does not allege any facts to suggest that he sustained concrete harm."[40] The Court agrees. The only harms Plaintiff alleges are "a reduction in [his] credit scores" and this "has upset [Plaintiff and his wife]."[41] Here, McTague does not include any factual allegations that he was denied credit, experienced reputational damage, or that he experienced any other concrete consequences. Accordingly, the Court determines Plaintiff failed to allege a concrete injury.

Because the plaintiff did not plead sufficient facts to plausibly suggest that Chase caused him to suffer a concrete injury as required by Article III, the Court does not have subject-matter jurisdiction over Plaintiff's claims. Accordingly, the Court **GRANTS** Defendant's motion to dismiss.[42]

## CONCLUSION

For the reasons stated therein, the Court **GRANTS** Defendant's motion to dismiss without prejudice.

The Clerk of Court is respectfully requested to terminate ECF No. 7 and to mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

Dated: September 13, 2024
       New York, New York

DALE E. HO
United States District Judge

---

[40] Def.'s Mem. 9.

[41] *Id.*

[42] Because the Court dismisses on standing grounds, it does not address Defendant's arguments that Plaintiff has failed to state a claim under the FCRA.